**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LAUREN S. GOODE,**

                      **Plaintiff,**

         **v.**

**DONNA J. MANCHESTER et al.,**

                      **Defendants.**

                            **5:18-cv-116**
                            **(GLS/TWD)**

_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lauren S. Goode
Pro Se
10705 Phillips Drive
Upper Marlboro, MD 20772

**FOR THE DEFENDANTS:**
Donna J. Manchester a/k/a
Donna J. Goode
Pro Se
PO Box 6542
Watertown, NY 13601

Christal L. Jackson Deline
Pro Se
720 Emmett St.
Watertown, NY 13601

*Judge James P. McClusky, Judge*
*Eugene Langone, Jr., and Judge*
*Eugene R. Renzi*
HON. LETITIA A. JAMES        SHANNAN COLLIER
New York State Attorney General    KRASNOKUTSKI

The Capitol                          Assistant Attorney General
Albany, NY 12224

*Patricia L. Dziuba, Assistant District*
*Attorney of Jefferson County, Kristyna*
*S. Mills, District Attorney of Jefferson*
*County, and Shawn J. Bulger, Michael*
*M. Schryver, and Travis F. Alcombrack,*
*Jefferson County Sheriff's Department*
*Deputies*
Barclay Damon LLP                    TERESA M. BENNETT, ESQ.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

*Virginia R. Kelly, Watertown Police*
*Department Officer, and The City of*
*Watertown, New York*
Slye Law Offices, P.C.                ROBERT JAMES SLYE, ESQ.
104 Washington Street
Watertown, NY 13601

*Watertown New York Times,*
*Watertown Daily Times, and*
*Newzjunky.com a/k/a Newz Junky Inc.*
                                     NO APPEARANCE

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Lauren S. Goode brings this *pro se* action, consisting of 42

U.S.C. § 1983 claims and state law claims, against defendants Justice

James P. McClusky, Judge Eugene Langone, Jr., and Judge Eugene R. Renzi (hereinafter "Judicial defendants"); Assistant District Attorney of Jefferson County Patricia L. Dziuba, District Attorney of Jefferson County Kristyna S. Mills, Jefferson County Sheriff's Department deputies Shawn J. Bulger, Michael M. Schryver, and Travis F. Alcombrack (hereinafter "County defendants"); Watertown Police Department Officer Virginia R. Kelly and the City of Watertown, New York (hereinafter "Watertown defendants"); Watertown New York Times, Watertown Daily Times, and Newzjunky.com (hereinafter "Media defendants"); and Donna J. Manchester (also known as Donna J. Goode) and Christal L. Jackson Deline.[1]  (Compl., Dkt. No. 1 at 1, 2, 6-11.[2])  Pending are motions to dismiss filed by Judicial defendants, (Dkt. No. 31), and County defendants, (Dkt. No. 38).  For the following reasons, the motions are granted.

## II. Background

_____

[1] The Clerk is hereby directed to amend the docket as follows. Patricia L. Dziuba's title as District Attorney of Jefferson County shall be replaced with Assistant District Attorney of Jefferson County.  (Dkt. No. 38, Attach. 3 ¶ 1.)  Judge Eugene Longone, Jr. shall be revised to Judge Eugene Langone, Jr., and Judge James P. McClusky shall be revised to Justice James P. McClusky.  (Dkt. No. 31, Attach. 1 at 1.)

[2] Citations to this document refer to the CM/ECF-generated page number(s).

**A.    Facts**[3]

The court's best understanding of Goode's complaint is as follows. Goode and Manchester were married in 2003 and, after a bitter proceeding, divorced on June 17, 2016.  (Compl. at 5.)  "During the . . . divorce proceedings and thereafter [Manchester] without cause or justification, engaged in a willful, wanton, and malicious course of harassment and reprisal against [Goode] which included, but was not limited to, a continued array [of] criminal complaints and various Family Court proceedings."  (*Id.* (emphasis omitted).)  Deline, who is Manchester's daughter (but not Goode's), "conspired with and abetted [Manchester] from time to time in these matters."  (*Id.*)

Among these matters, on September 4, 2015, Manchester had Deline start an argument with Goode, and Deline "called the sheriffs about a domestic at [Goode's address.]"  (*Id.* at 5, 14.)  Manchester "intentionally and falsely accus[ed] [Goode] with the crimes of pushing and breaking a Dollar store water bottle that le[]d to [an] illegal search and seizure of an antique firearm."  (*Id.* at 6.)  Manchester and Deline "falsely swore under

_____

[3] The facts are drawn from Goode's complaint and presented in the light most favorable to him.

oath in a[] criminal accusatory instrument information that [Goode] at

[a]bout 9:00 [A.M. on] October 26, 2016 before the Grand Jury in w[hich]

the Grand Jury decided that . . . Deline['s] testimony was hearsay by the

Grand Jury [sic]." (*Id.*)  "As a result of the false claims lodged by

[Manchester] with the assistance of . . . Deline, . . . Goode was arrested."

(*Id.*)  Deline and Manchester "instigated, caused, and directed the arrest of

[Goode, who] had committed no crime and was innocent of the charges."

(*Id.* at 7.)  Goode also alleges that County defendants "conspired with the

aiding and abetting [of Deline] and [Manchester] in the matters alleged in

the complaint."  (*Id.* at 5 (emphasis omitted).)

    "On and prior to June 18, 2017[, Goode] was engaged in a verbal

argument [with] Shawn Deline[4] about damaging [Goode's] vehicle."  (*Id.* at

14.)  On June 5, 2017, Goode was arrested by Officer Kelly and charged in

a felony complaint with Criminal Contempt in the Second Degree, Criminal

Trespass in the Second Degree, Harassment in the Second Degree,

Criminal Mischief in the Fourth Degree, and Reckless Endangerment in the

Second Degree.  (*Id.*)  The charges arose out of an allegation that Goode

_____

    [4] It is unclear what, if any, relationship Shawn Deline has to
 defendant Christal L. Jackson Deline.

pushed and hit Shawn Deline.  (*Id.*)

On May 9, 2016, an indictment was filed charging Goode with Harassment in the Second Degree and Criminal Mischief in the Fourth Degree; it is unclear how, if at all, this indictment relates to any of the other events in the complaint.  (*Id.*)  Goode "was charged on June []9, 2016 of all charges in Watertown City Court . . . before [Justice] James McClusky." (*Id.* at 15.)  Goode was convicted,[5] but "the outcome of the trial would have been favorable to [Goode]" absent the prosecution's "deliberate misrepresentations and suppression of mandatory evidence."  (*Id.*)

## B.   Procedural History

Goode filed his complaint on January 29, 2018.  (*Id.*)  His claims can be read[6] as false arrest, (*id.* at 2); malicious prosecution, (*id.*); false imprisonment, (*id.*); and unjust conviction, (*id.* at 10), each under both

---

[5] Goode alleges that "[t]he prosecution's motion to dismiss the indictment was based on its inability to establish a prima facie case against [him] because of newly discovered evidence contain[ed] in the Grand Jury minutes." (Compl. at 15.)  But it is unclear how this accords with his allegation that he was convicted.  (*Id.*)

[6] As a *pro se* litigant, the court must read Goode's pleadings "liberally and interpret them to raise the strongest arguments that they suggest."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

§ 1983 and state law, as well as abuse of process, (*id.* at 10); libel, (*id.* at 8-9); slander, (*id.* at 9); and intentional infliction of emotional distress, (*id.* at 10), under state law.[7]

Watertown defendants filed an answer on April 9, 2018. (Dkt. No. 14.) On April 13, 2018, Judicial defendants filed a motion to dismiss. (Dkt. No. 31.) Two weeks later, County defendants filed their motion to dismiss. (Dkt. No. 38.) Manchester and Deline have not answered. Media defendants have apparently not been served, as explained below. *See infra* Part IV.C.

### III. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which

---

[7] Goode also invokes 18 U.S.C. §§ 241, 242, and 247. (Compl. at 10-11.) However, "these are criminal statutes that do not provide private causes of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Goode also seems to attempt to bring a *Monell* claim in his response to County defendants' motion to dismiss. (Dkt. No. 46 at 6-7.) In addition to the deficiencies pointed out by County defendants, (Dkt. No. 51 at 5), the attempt fails because "courts are not required to consider claims that are raised for the first time in a *pro se* plaintiff's papers in opposition to a motion." *Wiltshire v. Wanderman*, No. 13–CV–9169, 2015 WL 4164808, at *1 n.3 (S.D.N.Y. July 10, 2015) (collecting cases).

relief can be granted."  For a full discussion of the governing standard for Rule 12(b)(6), the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

### A.    Section 1983 Claims

#### 1.    *Judicial defendants*

Judicial defendants argue that they are entitled to dismissal for three reasons: first, because Goode failed to plead any facts against them, (Dkt. No. 31, Attach. 1 at 2); second, because of the Eleventh Amendment, (*id.* at 3-4); and third, because of the doctrine of absolute judicial immunity, (*id.* at 4-6).  Goode's response does not rebut any of these arguments, (*see generally* Dkt. No. 48),[8] and the court agrees with Judicial defendants.

Excepting the caption, the complaint's sole mention of Judicial defendants is Goode's allegation that he was charged on June 9, 2016 "of all charges in Watertown City Court . . . before Honorable James McClusky, Justice of the Supreme Court."  (Compl. at 15.)  "It is

---

[8] Technically, Goode cites a case that addresses absolute immunity. (Dkt No. 48 at 1 (citing *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987)).)  However, that case supports, rather than rebuts, the application of absolute immunity.  (Dkt. No. 51 at 4 (citing *Dorman*, 821 F.2d at 139).)

well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Johnson v. Gonzalez*, No. 9:14–CV–745, 2015 WL 1179384, at *6 (N.D.N.Y. Mar. 13, 2015) (internal quotation marks and citations omitted).  So here.

Moreover, the Eleventh Amendment bars any claims against Judicial defendants in their official capacities, and absolute judicial immunity bars any claims against them in their individual capacities, for the reasons argued by Judicial defendants.  (Dkt. No. 31, Attach. 1 at 3-6.)

"A *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).  Given the utter lack of allegations against Judicial defendants, the court has a hard time finding any such indication.  In any event, if a complaint has substantive problems and "better pleading will not cure it[,] . . . [s]uch a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, better pleading cannot overcome absolute judicial immunity.  *See*

*Gadreault v. Grearson*, No. 2:11–cv–63, 2011 WL 4915746, at *6 (D. Vt. Oct. 14, 2011) ("As those claims are barred by judicial immunity, they are substantively flawed and better pleading will not cure their deficiencies.") (internal citation omitted); *see also Clare-Lunny v. State of N.Y. United Court Sys.*, No. 6:14–cv–455, 2014 WL 3819011, at *1, *4-5 (N.D.N.Y. Aug. 4, 2014) (adopting dismissal with prejudice because defendant was entitled to absolute judicial immunity, which better pleading could not cure). Nor can better pleading overcome the Eleventh Amendment. *See Price v. Goord*, No. 9:10–CV–181, 2011 WL 1630727, at *3 (N.D.N.Y. Mar. 10, 2011), *report and recommendation adopted by* 2011 WL 1630174 (N.D.N.Y. Apr. 29, 2011) ("Here the Eleventh Amendment bars [p]laintiff's claims and better pleading will not cure them."). Therefore, Goode's claims against Judicial defendants are dismissed with prejudice.

2.  *County defendants*

County defendants make a number of arguments why Goode's claims against them should be dismissed. (*See generally* Dkt. No. 38, Attach. 10.) Goode's response fails to address any of those arguments. (*See generally* Dkt. No. 46.)

The court agrees with County defendants' arguments that the claims

against Mills and Dziuba should be dismissed on prosecutorial immunity and Eleventh Amendment grounds. (Dkt. No. 38, Attach. 10 at 8-12.)[9] Better pleading cannot vitiate prosecutorial immunity. *See Delano v. Rendle*, No. 9:13–CV–70, 2015 WL 1506079, at *1, *7 (N.D.N.Y. Mar. 31, 2015) (adopting recommendation that "prosecutorial immunity is substantive and is not something that can be corrected by a better pleading"); *Phillips v. New York*, No. 5:13–CV–927, 2013 WL 5703629, at *1, *5 (N.D.N.Y. Oct. 17, 2013) (same). And, as explained above, better pleading cannot overcome the Eleventh Amendment. *See Price*, 2011 WL 1630727, at *3. Thus, the claims against Mills and Dziuba are dismissed with prejudice.

The court also agrees with County defendants that Goode fails to allege their personal involvement and his complaint is conclusory. (Dkt. No. 38, Attach. 10 at 6-7.) However, a liberal reading of Goode's complaint indicates that a valid claim might be stated by amendment. *Cf. Nielsen*, 746 F.3d at 62. Goode alleges that his conviction "was procured

_____

[9] Specifically, any claims against Mills and Dziuba in their official capacity are barred by the Eleventh Amendment, (Dkt. No. 38, Attach. 10 at 8-9), and any claims against them in their individual capacities are barred by prosecutorial immunity, (*id.* at 9-12).

by misrepresentations and fraud on the part of the . . . Jefferson County Sheriff's Department," (Compl. at 15), and that County defendants "conspired with the aiding and abetting [of Deline] and [Manchester] in the matters alleged in the complaint," (*id.* at 5). Although conclusory and clearly deficient at this stage, Goode might, in a proposed amended complaint, add enough factual allegations and specifics to state a valid claim. In other words, better pleading by Goode could cure the deficiencies in his claims against Bulger, Schryver, and Alcombrack. *Cf. Cuoco*, 222 F.3d at 112.

Moreover, none of County defendants' other arguments regarding Goode's § 1983 claims merit dismissal *with* prejudice. For instance, County defendants argue that Goode failed to timely serve a notice of claim. (Dkt. No. 38, Attach. 10 at 12-15.) However, "New York's notice-of-claim requirements . . . [a]re not applicable to § 1983 suits brought in federal court." *Day v. Moscow*, 955 F.2d 807, 814 (2d Cir. 1992) (collecting cases); *see Katsigianis v. Merzig*, No. 91–CV–967, 1993 WL 266705, at *8 n.8 (N.D.N.Y. July 14, 1993). County defendants' timeliness arguments, (Dkt. No. 38, Attach. 10 at 15), likewise do not present an incurable problem in this instance. For one thing, County defendants

mention only the one-year statute of limitations for Goode's state law claims and fail to address the three-year § 1983 statute of limitations. (*Id.*); *see Abboud v. County of Onondaga, New York*, 341 F. Supp. 3d 164, 177 (N.D.N.Y. 2018) ("Claims under [§] 1983 . . . are generally subject to a three-year statute of limitations.") (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)). And the remainder of County defendants' arguments, (Dkt. No. 38, Attach. 10 at 16-20, 21), do not present hurdles that better pleading cannot overcome.[10] Thus, the § 1983 claims against Bulger,

_____

[10] Defendants' arguments regarding the existence of probable cause, (Dkt. No. 38, Attach. 10 at 16-19), are fact-based and could be defeated by better pleading. Defendants also argue that "[an] indictment creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police[,] or other police conduct undertaken in bad faith." (*Id.* at 17-18 (internal quotation marks and citation omitted).) But Goode seems to at least hint that the indictment was flawed as such, (Compl. at 15), and better pleading could address this. Defendants further argue that Goode's guilty plea defeats his § 1983 claims for false arrest, false imprisonment, and malicious prosecution. (Dkt. No. 38, Attach. 10 at 19-20 (citing *Powers v. Sickler*, CIV. A. No. 93-CV-617, 1995 WL 146272, at *6 (N.D.N.Y. Mar. 31, 1995)).) However, with better pleading, Goode might allege "that the conviction underlying his [§] 1983 claims was reversed or otherwise invalidated," such that his conviction would not bar those claims. *Powers*, 1995 WL 146272, at *6. In an abundance of caution—and because, as explained below, Goode's state law claims against them are going to be dismissed without prejudice anyway—the court dismisses the § 1983 claims against Bulger, Schryver, and Alcombrack without prejudice. County defendants are of course free to renew their arguments in the face of any amended complaint, should

Schryver, and Alcombrack (that is, County defendants excepting Mills and Dziuba) are dismissed without prejudice.

**B.**    **State Law Claims**

    *1.    Judicial defendants*

As explained above, Judicial defendants have immunity.  *See supra* Part IV.A.1.  Thus, Goode's state law claims against Judicial defendants are dismissed with prejudice.

    *2.    County defendants*

Mills and Dziuba are also entitled to immunity, as explained above. *See supra* Part.IV.A.2.  Goode's state law claims against them are thus dismissed with prejudice.

County defendants argue that Goode's state law claims for false arrest, false imprisonment, malicious prosecution, abuse of process, and intentional infliction of emotional distress are untimely.  (Dkt. No. 38, Attach. 10 at 13-15.)  Goode fails to address this argument.  (*See generally* Dkt. No. 46.)  However, it is not clear from County defendants'

---

Goode request and be granted amendment.

arguments that those claims are necessarily untimely.[11]  The court also

rejects County defendants' argument that the state law claims should be

dismissed because Goode failed to serve a notice of claim.  (Dkt. No. 38,

Attach. 10 at 12-15.)  "[A] notice of claim is not required for an intentional

tort claim against a municipal employee in [his or] her individual capacity

for which the municipality has no obligation to indemnify the employee."

*Callwood v. City of Kingston*, No. 1:15-cv-1298, 2017 WL 4357459, at *8

(N.D.N.Y. Sept. 29, 2017) (internal citations omitted).  County defendants

make no assertion of such indemnification.

　　However, the court does agree with County defendants that Goode's

complaint "contains only vague and conclusory allegations against . . .

County defendants of a conspiracy, and has failed to allege any actual act

or wrong committed by . . . County defendants."  (Dkt. No. 38, Attach. 10 at

---

[11] County defendants argue that Goode "failed to commence this action within one year and ninety days from the accrual of [Goode's false arrest and false imprisonment claims]."  (Dkt. No. 38, Attach. 10 at 14.) But County defendants argue that such claims accrued when Goode was released from confinement, which they posit was at least as early as April 18, 2017.  (*Id.*)  Goode filed his complaint on January 29, 2018, which is within one year and ninety days of that date.  (Compl.)  County defendants' statute of limitations arguments as to abuse of process, malicious prosecution, libel, and slander are similarly unavailing.  (Dkt. No. 38, Attach. 10 at 14-15.)

7.)  Goode fails to address this argument in his response.  (*See generally* Dkt. No. 46.)  Goode alleges that Bulger, Schryver, and Alcombrack "are . . . persons who have conspired with the aiding and abetting . . . in the matters alleged in the complaint," (Compl. at 5 (emphasis omitted)), and that his "conviction was procured by misrepresentations and fraud on the part of the prosecution, and Jefferson County Sheriff's Department on all indictment charges," (*id.* at 15).  Such naked assertions devoid of further factual enhancement are insufficient in the face of a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Taylor v. State*, 36 A.D.2d 878, 878 (3d Dep't 1971) ("[A] cause of action cannot be predicated solely on mere conclusory statements unsupported by factual allegations.") (internal citations omitted).  However, as with the § 1983 claims against Bulger, Schryver, and Alcombrack, in an abundance of caution, the court will dismiss Goode's state law claims against them without prejudice, given that better pleading could cure the problems with them.  *Cf. Cuoco*, 222 F.3d at 112.[12]

_____

[12] County defendants make a number of other arguments as to why Goode's state law claims fail.  (Dkt. No. 38, Attach. 10 at 16-24.)  However, even if the court granted dismissal on the basis of those arguments, none of them present a hurdle that better pleading cannot overcome such that dismissal with prejudice is warranted.  *See supra*

**C.    Other Defendants**

The court sees myriad deficiencies with Goode's claims against

Watertown defendants, but they did not move to dismiss.

Likewise, it seems that Goode's claims against Manchester and

Deline are deficient; namely, Goode fails to allege that either of them acted

under color of state law, made any statement that could be libelous or

slanderous, did anything constituting intentional infliction of emotional

distress, or are liable for unjust conviction.  (*See generally* Compl.)

However, Manchester and Deline did not file a motion to dismiss.

Moreover, they were granted an extension of time to answer the complaint

by May 18, 2018, (Dkt. Nos. 32, 33), but failed to do so.  The court

extends, *sua sponte*, their time to answer to thirty days after the date of the

_____

n.10; *cf. Cuoco*, 222 F.3d at 112.  The court recognizes that arguably, County defendants' assertion that they are immune to Goode's libel and slander claims, (Dkt. No. 38, Attach. 10 at 20), is a problem that cannot be cured by better pleading.  *Cf. Amato v. McGinty*, 1:17-CV-593, 2017 WL 4083575, at *7 (N.D.N.Y. Sept. 15, 2017).  But because Goode has failed to allege any statement to support his libel or slander claims, it is difficult to determine in the abstract whether such immunity applies.  In an abundance of caution, the court will dismiss the libel and slander claims without prejudice.  Although it may seem backwards that Goode's failure to allege any statement whatsoever benefits him, the court is bound to follow the law of this Circuit regarding the liberality afforded a *pro se* plaintiff.

issuance of this Memorandum-Decision and Order.

To date Goode has not filed affidavits of service for Media defendants. Summons were issued as to each defendant on January 31, 2018. (Dkt. No. 2.) On April 16, 2018, Magistrate Judge Thérèse Wiley Dancks noted that "affidavits of service upon [Media defendants] have not been filed to date" and ordered that Goode "file affidavits of service regarding [Media] defendants, or a status report on service on those defendants, by [April 30, 2018]." (Dkt. No. 34.) Goode did not do so. On May 1, 2018, Judge Dancks *sua sponte* extended the time for Goode to comply with her order to May 15, 2018. (Dkt. No. 41.) But Goode still has not filed affidavits of service or a status report. However, arguably, Goode has not been given notice that his action is subject to dismissal under Fed. R. Civ. P. 4(m), so the court does not feel compelled to dismiss his action against Media defendants on that basis at this time. To be clear, this Memorandum-Decision and Order constitutes such notice. If Goode does not file affidavits of service within thirty days of the issuance of this Memorandum-Decision and Order, his claims against Media defendants will be dismissed. *See, e.g.*, *Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m)

after notice); *Alsaidi v. City of New York*, No. 12–CV–5771, 2013 WL 4052880, at *3 (E.D.N.Y. Aug. 12, 2013) (dismissing complaint where "[p]laintiff failed to serve [defendants] even after he was granted an extension, *sua sponte*, by the presiding Magistrate Judge and explicitly warned that, were service not effectuated by [a date certain], th[e] Court may *sua sponte* dismiss an action without prejudice for failure to effectuate timely service") (internal quotation marks and citations omitted).

**D.    A Note Regarding Any Request to Amend**

Should Goode request to amend his complaint (perhaps to reassert any claims that are hereby dismissed without prejudice), the court notes the following for his benefit.  Any proposed amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court.  *See Kiraka v. M & T Bank*, 6:18-cv-1264, 2018 WL 6566306, at *1 (N.D.N.Y. Dec. 13, 2018) (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).  This means that any proposed amended complaint <u>cannot</u> merely refer back to Goode's original complaint. Furthermore, any proposed amended complaint should <u>not</u> include claims or defendants that the court dismisses with prejudice in this Memorandum-

Decision and Order.  That is, Goode should <u>not</u> include any claims against

Judicial defendants (Justice James P. McClusky, Judge Eugene Langone,

Jr., and Judge Eugene R. Renzi), Assistant District Attorney of Jefferson

County Patricia L. Dziuba, or District Attorney of Jefferson County Kristyna

S. Mills, if he requests amendment.

## V.  **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk amend the docket as follows: Patricia L.

Dziuba's title as District Attorney of Jefferson County shall be replaced with

Assistant District Attorney of Jefferson County, Judge Eugene Longone, Jr.

shall be revised to Judge Eugene Langone, Jr., and Judge James P.

McClusky shall be revised to Justice James P. McClusky; and it is further

**ORDERED** that Judicial defendants' motion to dismiss (Dkt. No. 31)

is **GRANTED**; and it is further

**ORDERED** that all claims against Judicial defendants' are

**DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk terminate Judicial defendants (Justice

James P. McClusky, Judge Eugene Langone, Jr., and Judge Eugene R.

Renzi) from this action; and it is further

20

**ORDERED** that County defendants' motion to dismiss (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED** that all claims against Dziuba and Mills are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk terminate Dziuba and Mills from this action; and it is further

**ORDERED** that all claims against Bulger, Schryver, and Alcombrack are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk terminate Bulger, Schryver, and Alcombrack from this action; and it is further

**ORDERED** that the deadline for Donna J. Manchester and Christal L. Jackson Deline to answer the complaint is extended to thirty (30) days after the issuance of this Memorandum-Decision and Order; and it is further

**ORDERED** that Goode shall file affidavits of service regarding Watertown New York Times, Watertown Daily Times, and Newzjunky.com within thirty (30) days of the issuance of this Memorandum-Decision and Order or his claims against those defendants will be dismissed pursuant to Fed. R. Civ. P. 4(m); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties in accordance with the Local Rules of

Practice.

**IT IS SO ORDERED.**

March 27, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge